IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RON WORTH NORMAN AND
BARBARA ELLEN NORMAN                                                PLAINTIFFS

v.           CASE NO. _____                               JURY DEMAND

OTICON, INC., WDH USA, INC., JASON WILLIAM CLINE,
ES DIAGNOSTICS, INC f/k/a GORDON N. STOWE AND
ASSOCIATES, INC., and JOHN DOE DEFENDANTS 1-5,
Unknown Defendants                                                  DEFENDANTS

## COMPLAINT

Plaintiffs, Ron Worth Norman and Barbara Ellen Norman, by and through their attorneys, submit this complaint against Oticon, Inc., WDH USA, Inc., Jason William Cline, ES Diagnostics, Inc. f/k/a Gordon Stowe and Associates, Inc., and John Doe Defendants 1-5, Unknown Defendants, and plead as follows:

## PARTIES

1.  Ron Worth Norman is a resident of the State of Texas, residing at 8201 Claire Ave., Texarkana, Bowie County, Texas. During all of the relevant time period, Ron Worth Norman was married to Barbara Ellen Norman.

2.  Barbara Ellen Norman is a resident of the State of Texas, residing at 8201 Claire Ave., Texarkana, Bowie County, Texas. During all of the relevant time period, Barbara Ellen Norman was married to Ron Worth Norman, and was an able-bodied female, who was gainfully employed by Endoscopy Center of Texarkana, earning a livelihood for herself and contributing to her family.

3.  Defendant Oticon, Inc., a California corporation, has a principal office located at 580 Howard Ave., Somerset, New Jersey 08873. Upon information and belief, at all times relevant

hereto, Defendant Oticon, Inc. was the employer of Jason William Cline, a named defendant herein, and/ or owned and/ or was a named insured of the 2017 Dodge Journey minivan, Tennessee license plate number 523H18, which struck Plaintiffs' 2016 Toyota Tacoma pickup on October 22, 2021 at mile marker 168.40 on Interstate-40 in Dickson County, Tennessee, causing the injuries and damages asserted herein. Upon information and belief, Oticon, Inc. is not authorized to do business in Tennessee and has no registered agent for service of process in Tennessee. Under the Rules of Civil Procedure, service of process may be made upon Oticon, Inc. by service on the registered agent, corporate secretary or other high-ranking officer of Oticon, Inc. The registered agent for Oticon, Inc. is Corporation Service Company, 80 State Street, Albany, NY 12207-2543.

4. Defendant WDH USA, Inc., a Minnesota corporation, has a principal office located at 580 Howard Ave., Somerset, New Jersey 08873. Upon information and belief, at all times relevant hereto, Defendant WDH USA, Inc. was the employer of Jason William Cline, a named defendant herein, and/ or owned and/ or was a named insured of the 2017 Dodge Journey minivan, Tennessee license plate number 523H18, which struck Plaintiffs' 2016 Toyota Tacoma pickup on October 22, 2021 at mile marker 168.40 on Interstate-40 in Dickson County, Tennessee, causing the injuries and damages asserted herein. Upon information and belief, WDH USA, Inc. is not authorized to do business in Tennessee and has no registered agent for service of process in Tennessee. Under the Rules of Civil Procedure, service of process may be made upon WDH USA, Inc. by service on the registered agent, corporate secretary or other high-ranking officer of WDH USA, Inc. The registered agent for WDH USA, Inc. is Corporation Service Company, 2345 Rice St., Suite 230, Roseville, Minnesota 55113.

5. Defendant Jason William Cline is a resident of the State of Tennessee. Upon information and belief, Defendant Jason William Cline was the driver of the 2017 Dodge Journey

minivan, Tennessee license plate number 523H18, which struck Plaintiffs' 2016 Toyota Tacoma pickup on October 22, 2021 at mile marker 168.40 on Interstate-40 in Dickson County, Tennessee, causing the injuries and damages asserted herein. Jason William Cline may be served at his address at 603 Kings Ridge Drive, Murfreesboro, TN 37129, or wherever he may be found.

6. Defendant ES Diagnostics, Inc. f/k/a Gordon N. Stowe and Associates, Inc., an Illinois corporation, has a principal office located at 3333 N. Kennicott Ave., Arlington Heights, IL 60004-1429. Upon information and belief, at all times relevant hereto, Defendant ES Diagnostics, Inc. was the employer of Jason William Cline, a named defendant herein, and/ or owned and/ or was a named insured of the 2017 Dodge Journey minivan, Tennessee license plate number 523H18, which struck Plaintiffs' 2016 Toyota Tacoma pickup on October 22, 2021 at mile marker 168.40 on Interstate-40 in Dickson County, Tennessee, causing the injuries and damages asserted herein. Upon information and belief, ES Diagnostics, Inc., Inc. is authorized to do business in Tennessee. The registered agent for ES Diagnostics, Inc., is Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

7. Defendants John Does 1 thru 5 are entities and/or persons directly or vicariously liable for Plaintiffs' injuries. Plaintiffs are currently unable to identify these Unknown Defendants, despite diligent efforts, but may discover such identities upon further investigation.

## JURISDICTION AND VENUE

8. Plaintiffs incorporate all of the allegations contained in Paragraphs 1 - 7.

9. This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C.A. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and in which citizens or subjects of a foreign state are additional parties.

10. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in Dickson County, Tennessee. Accordingly, venue is proper in this Court pursuant to 28 U.S.C.A. § 1391.

**FACTS**

11. On October 22, 2021, at approximately 3:51 pm, Plaintiff Ron Worth Norman was driving his 2016 Toyota Tacoma pickup and traveling east on Interstate 40 at mile marker 168.40 in Dickson County, Tennessee. Plaintiff Barbara Ellen Norman was a passenger in the Plaintiff's truck.

12. At all times, Plaintiff Ron Worth Norman was driving safely and prudently on Interstate 40.

13. At the same time, Jason William Cline, driving a 2017 Dodge Journey minivan, Tennessee license plate number 523H18, which is owned and/ or controlled by Oticon, Inc., WDH USA, Inc., and/ or ES Diagnostics, Inc. f/k/a Gordon Stowe and Associates, Inc., was also traveling east on Interstate 40, behind Plaintiff's pickup, when he smashed into Plaintiffs' 2016 Toyota Tacoma from behind while traveling at a high rate of speed.

14. The force of the impact caused by the negligent and reckless acts of Defendant Jason William Cline, caused Plaintiff's vehicle to travel off of the left shoulder and strike a guard rail face before finally coming to rest on the right shoulder of the roadway, causing the injuries and damages to Plaintiffs asserted herein.

15. Defendants Oticon, Inc., WDH USA, Inc., and/ or ES Diagnostics, Inc., had selected and engaged Jason William Cline as a driver, paid him weekly wages, retained the power to discharge him, and retained the power to control his conduct.

16. At all relevant times, Jason William Cline was subject to the rules, procedures and restrictions required by Oticon, Inc., WDH USA, Inc., and/ or ES Diagnostics, Inc.

17. At that time and place, Jason William Cline was operating the vehicle as an actual and/or apparent agent, servant, and/or employee of Oticon, Inc., WDH USA, Inc., and/ or ES Diagnostics, Inc., acting within the scope of his agency and/or employment.

18. At that time and place, Jason William Cline failed to safely stop the vehicle he was driving and struck the front to rear of Plaintiffs' vehicle, thereby causing Plaintiffs to suffer the injuries asserted herein.

19. At all relevant times, it was the duty of Jason William Cline, individually, and Defendants Oticon, Inc., WDH USA, Inc., and/ or ES Diagnostics, Inc., acting by or through their actual and/or apparent agent, servant and/or employee, to operate Defendants' commercial vehicle safely, lawfully and with reasonable care for the safety of others on the roadway, including Plaintiffs.

20. Notwithstanding those duties, Jason William Cline, individually, and Oticon, Inc., WDH USA, Inc., and/ or ES Diagnostics, Inc., acting by and through their actual and/or apparent agent, servant, and/or employee, Jason William Cline, breached the duties owed to the Plaintiffs by negligently, recklessly and carelessly operating the motor vehicle, causing a collision with Plaintiffs' vehicle.

21. The collision was caused by the negligence of Jason William Cline, individually, and Defendants Oticon, Inc., WDH USA, Inc., and/ or ES Diagnostics, Inc., acting by and through their actual and/or apparent agent, servant, and/or employee, Jason William Cline, in failing to keep a proper lookout, failing to pay full time and attention to the operation of the vehicle, failing

to maintain control of the vehicle, failing to obey the laws, rules and regulations of the State of Tennessee that were in full force and effect, and other acts of negligence.

22. The collision was due solely to the negligence of defendants and at no time were Plaintiffs negligent and/or contributorily negligent.

23. As a direct and proximate result of the Defendants' negligence, Plaintiff Barbara Ellen Norman sustained serious, painful and permanent injuries, including but not limited to her head, brain, neck, eyes, face and psyche resulting in pain and suffering. She has incurred and will continue to incur medical expenses; and has and will in the future suffer pain of body and mind; all of which may be permanent. Although she was physically active and in good health before the collision, Barbara Ellen Norman remains unable to return to work since the collision. Additionally, Barbara Ellen Norman's damages include severe pain, which has impeded her ability to engage in the normal activities of life. Barbara Ellen Norman's damages further include disability, past and future emotional distress, past and future pain and suffering, past and future loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn money in the future, as well as past and future medical expenses. These damages are either permanent or continuing, and she will suffer additional injuries in the future.

24. As a direct and proximate result of the Defendants' negligence, Plaintiff Ron Worth Norman sustained injuries including, but not limited to, loss of consortium.

25. Upon information and belief, the full course and extent of the injuries each of the Plaintiffs has suffered is of a continuing nature, the full extent of which remains unknown at this time. Plaintiffs reserve the right to amend their pleadings as the full course and extent of their injuries become known.

## COUNT I
## NEGLIGENCE

26. Plaintiffs incorporate all of the allegations contained in Paragraphs 1 - 25.

27. On October 22, 2021, at approximately 3:51 pm, Plaintiff Ron Worth Norman was driving his 2016 Toyota Tacoma pickup and traveling east on Interstate 40 at mile marker 168.40 in Dickson County, Tennessee. Plaintiff Barbara Ellen Norman was a passenger in the Plaintiff's truck.

28. At all times, Plaintiff Ron Worth Norman was driving safely and prudently on Interstate 40.

29. At the same time, Jason William Cline, driving a 2017 Dodge Journey minivan, Tennessee license plate number 523H18, which is owned and/ or controlled by Oticon, Inc., WDH USA, Inc., and/ or ES Diagnostics, Inc. f/k/a Gordon Stowe and Associates, Inc., was also traveling east on Interstate 40, behind Plaintiff's pickup, when he smashed into Plaintiffs' 2016 Toyota Tacoma from behind while traveling at a high rate of speed.

30. The force of the impact caused by the negligent and reckless acts of Defendant Jason William Cline, caused Plaintiff's vehicle to travel off of the left shoulder and strike a guard rail face before finally coming to rest on the right shoulder of the roadway.

31. Due to Defendant Jason William Cline's negligence, Plaintiffs suffered the injuries and damages asserted herein.

32. At the time of the collision, Jason William Cline was operating the vehicle as an actual and/or apparent agent, servant, and/or employee of Oticon, Inc., WDH USA, Inc., and/ or ES Diagnostics, Inc., and acting within the scope of his agency and/or employment, subject to the direction and control of his principal and/ or employer, while furthering their business interests and financial enterprise on highways in the State of Tennessee.

33. Defendants Oticon, Inc., WDH USA, Inc., and/ or ES Diagnostics, Inc., are affirmatively negligent and directly and vicariously liable, under the doctrine of *respondeat superior* and imputed conduct, for the conduct of their agent and/ or employee within the course and scope of his employment.

34. Defendant Jason William Cline, and his employer had a direct, affirmative non-delegable duty to safely and jointly operate their commercial motor vehicle on the highways of the State of Tennessee in a reasonably prudent manner and with the highest degree of care.

35. Jason William Cline had a duty to use ordinary care in the operation of the 2017 Dodge Journey minivan, Tennessee license plate number 523H18, which is owned and/ or controlled by Oticon, Inc., WDH USA, Inc., and/ or ES Diagnostics, Inc. f/k/a Gordon Stowe and Associates, Inc..

36. Jason William Cline breached his duties of ordinary care by causing the collision with Plaintiffs' vehicle.

37. As an agent and/ or employee of Defendants Oticon, Inc., WDH USA, Inc., and/ or ES Diagnostics, Inc. f/k/a Gordon Stowe and Associates, Inc., Defendant Jason William Cline was tasked to drive his employer's work vehicles and commercial motor vehicles through the state of Tennessee.

38. The acts and omissions of Defendant Jason William Cline are directly imputed to his employer and/ or principal, Defendants Oticon, Inc., WDH USA, Inc., and/ or ES Diagnostics, Inc. f/k/a Gordon Stowe and Associates, Inc.. Defendant Jason William Cline 's negligent, reckless and careless acts and omissions occurred while he was within the scope and course of his employment and in furtherance of the business interests of Defendants Oticon, Inc., WDH USA,

Inc., and/ or ES Diagnostics, Inc. f/k/a Gordon Stowe and Associates, Inc. on the public roads and highways in the State of Tennessee in interstate commerce.

39. Defendants Oticon, Inc., WDH USA, Inc., and/ or ES Diagnostics, Inc. f/k/a Gordon Stowe and Associates, Inc. failed to train, supervise, monitor and control its employees, including Defendant Jason William Cline, regarding the rules, regulations, procedures and policies applicable to commercial drivers operating commercial motor vehicles on the roads of the United States and the State of Tennessee.

40. Defendant Oticon, Inc., WDH USA, Inc., and/ or ES Diagnostics, Inc. f/k/a Gordon Stowe and Associates, Inc. failed to have policies and/or procedures in place to prevent its drivers, including Cline, from operating Oticon, Inc., WDH USA, Inc., and/ or ES Diagnostics, Inc. f/k/a Gordon Stowe and Associates, Inc.'s commercial motor vehicles in a negligent and/or reckless manner.

41. Defendant Oticon, Inc., WDH USA, Inc., and/ or ES Diagnostics, Inc. f/k/a Gordon Stowe and Associates, Inc., through its actions and inactions, adopted a policy in which it allowed and encouraged, rather than discouraged, Defendant Jason William Cline to drive in the negligent and reckless manner in which Defendant Jason William Cline was driving at the time that he collided with Plaintiffs.

42. Defendant Oticon, Inc., WDH USA, Inc., and/ or ES Diagnostics, Inc. f/k/a Gordon Stowe and Associates, Inc. were themselves willful and wanton in their conduct, as they had notice or could have foreseen that Defendant Jason William Cline would act willfully, wantonly, or with conscience indifference.

43. Defendant Jason William Cline, the commercial motor vehicle driver for Defendant

Oticon, Inc., WDH USA, Inc., and/ or ES Diagnostics, Inc. f/k/a Gordon Stowe and Associates, Inc., was directly and affirmatively careless and negligent in the State of Tennessee, including, but not limited to, the following particulars:

    a.    Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Tennessee law;

    b.    Driving in such a careless manner as to evidence a failure to maintain proper control of the vehicle, in violation of Tennessee law;

    c.    Driving at a speed greater than is reasonable and prudent under the conditions in regard to actual and potential hazards existing at the time, and as necessary to avoid colliding with any vehicle upon the roadway, and in the use of due care, in violation of Tennessee law;

    d.    Failing to maintain a proper lookout for other traffic, in violation of the common law of Tennessee;

    e.    Failing to maintain control of the vehicle, in violation of the common law of Tennessee;

    f.    Failing to yield the right-of-way to other vehicles, in violation of the common law of Tennessee:

    g.    Failing to maintain appropriate speed under the facts and circumstances, in violation of the common law of Tennessee;

    h.    Failing to obey the "rules of the road" in violation of the common law of Tennessee;

    i.    Failing to exercise the degree of care that an ordinary prudent person would exercise under the facts and circumstances as they existed at the time of the accident;

j. Failing to operate a motor vehicle upon Tennessee roadways in such a way as to avoid injuring or killing someone, in violation of the common law of Tennessee; and

k. Failing to operate a reasonably safe commercial motor vehicle in a reasonably prudent and safe manner, and in accordance with the minimum requirements found in applicable federal regulations.

44. It was foreseeable that the failure of Defendants Oticon, Inc., WDH USA, Inc., and/ or ES Diagnostics, Inc. f/k/a Gordon Stowe and Associates, Inc. and Jason William Cline to operate the commercial motor vehicle in a reasonably prudent and safe manner on highways in the State of Tennessee, would present and cause an appreciable risk of serious harm or danger to other public users and travelers on the interstate and intrastate highway systems, including Plaintiffs.

45. Tennessee statutes and the Federal Motor Carrier Safety Regulations (FMCSRs) were enacted and intended to protect motorists, passengers and pedestrians from the dangerous operation of vehicles, including commercial motor vehicles operating upon public roadways and interstate highways. At the time of the violations alleged above, Plaintiff Ron Worth Norman was a motorist on an interstate highway, and thus belonged to the class of persons that Tennessee law and the Federal Motor Carrier Safety Regulations were enacted and intended to protect.

46. As a direct and proximate result of the acts and omissions of Defendants Oticon, Inc., WDH USA, Inc., and/ or ES Diagnostics, Inc. f/k/a Gordon Stowe and Associates, Inc. and Jason William Cline, as described above, Plaintiffs were injured and incurred damages as asserted herein.

47. As a direct and proximate result of Defendants' grossly negligent, willful, wanton, reckless, malicious and/or intentional conduct, Plaintiffs Ron and Barbara Norman assert a claim for judgment for all compensatory damages against Defendants, including but not limited to, but

PLAINTIFFS' COMPLAINT   Page 11 OF 13
Case 3:22-cv-00827   Document 1   Filed 10/14/22   Page 11 of 13 PageID #: 11

not limited to, the physical injuries described herein, pain and suffering, mental anguish, Barbara Norman's disability, medical expenses, Barbara Norman's caretaking and custodial care, including any such damages reasonably certain to be incurred in the future, in an amount to be determined by the jury, plus the costs of this litigation, and all of the relief to which the Plaintiffs are entitled to by law, all in an amount in excess of that necessary for federal diversity of citizenship jurisdiction. Barbara Ellen Norman's damages further include disability, past and future emotional distress, past and future pain and suffering, past and future loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn money in the future, as well as past and future medical expenses. These damages are either permanent or continuing, and she will suffer additional injuries in the future.

## COUNT II
## SPOUSAL CLAIM FOR LOSS OF CONSORTIUM AGAINST ALL DEFENDANTS

48. Plaintiffs incorporate all of the allegations contained in Paragraphs 1 - 47.

49. In addition to seeking recovery for their personal injuries, as alleged above, Ron Norman also seeks recovery for loss of consortium.

50. At all times material hereto, Ron and Barbara Norman were married.

51. As a direct and proximate result of the Defendants' negligence, Ron Norman suffered a loss of services, society, companionship, and conjugal relationship of Barbara Norman, and other damages caused by the negligence of the Defendants in an amount in excess of that necessary for federal diversity jurisdiction.

## DEMAND FOR JURY TRIAL

52. Plaintiffs demand that all issues of fact in this case be tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.  For damages in an amount adequate to compensate Plaintiffs for the injuries and damages sustained and described herein.

2.  For all general and special damages caused by the alleged conduct of Defendants.

3.  For the costs of litigating this case.

4.  For all other relief to which Plaintiffs are entitled by law.

Respectfully Submitted,

**TRAMMELL PIAZZA LAW FIRM, PLLC**

/s/ M. Chad Trammell

_____

M. Chad Trammell
418 North State Line Avenue
Texarkana, Arkansas 71854
Telephone: 870.779.1860
Facsimile: 870.779.1861

And

C. Michael Bee (pro hac pending)
West Virginia Bar No. 290
Hill Peterson Carper Bee & Deitzler PLLC 500 Tracy Way
Charleston, West Virginia 25311 304-205-1810
304-345-1519 (fax)
CMBee@hpcbd.com

**ATTORNEYS FOR PLAINTIFFS**